LAW LIBRARY

**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

NO. 29762

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

K. HAMAKADO CLERK, APPELLATE COURTS STATE OF HAWAIʻI 2010 MAY 24 AM 8:01 FILED

STATE OF HAWAIʻI, Plaintiff-Appellee,
v.
BRIAN T. GRIMAN, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(Case No. 1DTA-08-10419)


SUMMARY DISPOSITION ORDER
(By: Nakamura, Chief Judge, Leonard, and Ginoza, JJ.)


Defendant-Appellant Brian T. Griman (Griman) appeals from the Judgment filed on March 11, 2009,[1] in the District Court of the First Circuit (district court).[2]

Griman was convicted of operating a vehicle under the influence of an intoxicant (OVUII), in violation of Hawaii Revised Statutes (HRS) §§ 291E-61(a)(1) and (b)(1) (Supp. 2008).

On appeal, Griman argues that the district court erred by 1) denying his motion to dismiss the OVUII charge because it failed to state an essential element of the offense, namely, that Griman operated or assumed actual physical control of a vehicle upon a public way, street, road, or highway;[3] and 2) imposing a sentence that included a ninety-day license suspension when Griman's driver's license had been administratively revoked and Griman's challenge to the administrative revocation was still pending.

---

[1] The bar code affixed to the Judgment bears the date March 10, 2009, but the Judgment is file-stamped March 11, 2009.

[2] The Honorable William A. Cardwell presided.

[3] Griman moved pretrial to dismiss the OVUII charge as insufficient and the district court denied Griman's motion before trial.

Upon careful review of the record and the briefs submitted by the parties, we resolve Griman's arguments on appeal follows:

1.    "[T]he operation [or the assumption of actual physical control] of a vehicle on a public way, street, road, or highway is an attendant circumstance of the offense of OVUII, and is therefore an element of the offense." State v. Wheeler, 121 Hawai'i 383, 393, 219 P.3d 1170, 1180 (2009). The OVUII charge brought against Griman was insufficient because it failed to allege that Griman operated or assumed actual physical control of a vehicle upon a public way, street, road, or highway. Id.

2.    Because we conclude that Griman's OVUII charge was insufficient, we need not address his claim that the district court erred in imposing a sentence that included a ninety-day license suspension.

IT IS HEREBY ORDERED THAT the district court's Judgment filed on March 11, 2009, is vacated, and this case is remanded to the district court with instructions to dismiss the OVUII charge without prejudice.

DATED: Honolulu, Hawai'i, May 24, 2010.

On the briefs:

Earle A. Partington
(Law Office of Earle A. Partington)
for Defendant-Appellant

Stephen K. Tsushima
Deputy Prosecuting Attorney
City and County of Honolulu
for Plaintiff-Appellee

Chief Judge

Associate Judge

Associate Judge